**Robert DAISLEY; et al., Plaintiffs— Appellants,**

v.

**Ozzy OSBOURNE; et al., Defendants— Appellees.**

No. 02–56624.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 17, 2003.

Thomas A. Brackey, II, Esq., Jonathan D. Freund, Esq., Freund & Brackey, Beverly Hills, CA, for Plaintiffs–Appellants.

Barry E. Mallen, Esq., Manatt, Phelps & Phillips, LLP, Los Angeles, CA, Orin Snyder, Esq., Parcher, Hayes & Snyder, New York, NY, for Defendants–Appellees.

Before: RYMER and TALLMAN,

Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Robert Daisley and Lee Kerslake appeal summary judgment in favor of Ozzy Osbourne and others related to him, as well as the district court's refusal to reconsider its ruling. Two claims remain at issue, for improper credit and for royalties based on an open book account. We affirm.

### I

Whether or not an open book account was ever created, Daisley and Kerslake knew after settlement of the United Kingdom litigation in 1986 that they were not receiving royalties. They were told in July 1986 by Sharon Osbourne (who they knew spoke for the relevant entities) that the UK litigation and Daisley's buy-out agreement settled the matter, that they were not entitled to record royalties, and that they were not being paid and never would be. This was confirmed after a call to Osbourne's English accountant in August 1991. So, no later than August 1991, at the outside, Daisley and Kerslake were aware that the royalties to which they believed they were entitled had dried up and that payment had been refused. That is when their claim accrued (assuming an open book account existed), and the statute of limitations began to run. *See Cusano v. Klein,* 264 F.3d 936, 947–48 (9th Cir.2001); *R.N.C., Inc. v. Tsegeletos,* 231 Cal.App.3d 967, 972–73, 283 Cal.Rptr. 48 (1991). This is true notwithstanding Daisley and Kerslake's contention that an open book account never closes as long as debts are accumulating, for otherwise the period of limitations would never expire. As this action was not filed until 1998, the open book account claim is barred, *see* Cal.Civ. Proc.Code § 337, unless fraudulent concealment tolled the statute of limitations.

It did not. The 1983 Monowise–Jet Agreement may have changed who owned the albums, but this cannot matter because Daisley and Kerslake failed to sue *anyone*—Osbourne, Jet *or* Monowise—in a timely fashion.

### II

We need not decide if the district court should have given notice that it might look beyond the arguments set out in Osbourne's motion and grant summary judgment on the merits of the credit claim, as even on their motion to reconsider Daisley and Kerslake did not complain about this and pointed to no substantial evidence that they were denied credit to which they were entitled. Their own declarations are conclusory. No specifics are given. The liner notes to which they refer (assuming that they were part of the record) are not self-explanatory. There are no admissions beyond the fact that Daisley and Kerslake performed in, and helped write, songs on the recordings. Nor was the district court obliged to search through depositions to discern some factual support for the claims. *See Forsberg v. Pac. N.W. Bell Tel. Co.,* 840 F.2d 1409, 1418 (9th Cir. 2001); *cf. Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir.1997) ("Judges are not like pigs, hunting for truffles buried in briefs.") (internal quotation marks and citation omitted).

As we cannot say that the district court abused its discretion in denying reconsid-

---

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

eration under Local Rule 7–18, and no genuine issue of fact is apparent despite four years of litigation and five amended complaints, summary judgment was appropriately entered.

AFFIRMED.